IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00229-WYD-MJW

ERIC QUADE,

Plaintiff,

v.

WARDEN KEVIN MILYARD, et al.,

Defendants.

---

# RECOMMENDATION ON
# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
# (Docket No. 20)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the undersigned pursuant to an Order of Reference to Magistrate Judge issued by District Judge Wiley Y. Daniel on April 18, 2007. (Docket No. 14).

The operative pleading is the Amended Prisoner Complaint (Docket No. 9)[1] in which the plaintiff alleges that on two occasions (on May 18 and August 1, 2006) at Sterling Correctional Facility, defendants publicly conducted body cavity searches on him and other inmates in violation of his constitutional rights. The first search was allegedly conducted in front of women. With regard to the second search, he asserts

---

[1] Although the pro se incarcerated plaintiff has captioned that pleading as "CLASS ACTION PRISONER COMPLAINT (Amended)," a class has not been certified in this action. See Fed. R. Civ. P. 23.

he was searched in front of many officers and inmates (some of whom were sex offenders and homosexuals). Both searches were videotaped. In addition, during the second search, he was allegedly required to sit naked on a gym floor and watch as other inmates were searched. When the search was completed, he allegedly was required to walk naked to the center of the gym and retrieve his clothing. Plaintiff contends the searches were abusive and served no legitimate penological interest. He seeks injunctive and monetary relief.

On July 31, 2006, plaintiff filed a Motion for Summary Judgement [sic] (Docket No. 20), along with supporting affidavits from himself and seven other inmates. In that two-page motion, plaintiff asserts that there is no genuine issue of material fact in this case, that no defenses have been raised by the defendants, that he is entitled to judgment as a matter of law, and that he has material evidence (in the form of the attached affidavits) to support judgment on his behalf. Significantly, however, plaintiff did not serve a copy of this motion upon the defendants. Instead, he merely sent a copy to the court and one to the Office of the Attorney General in Denver. At that time, however, the defendants had not even been served with process in this case and were not represented by counsel (the Attorney General or otherwise).[2] In addition, in his motion, plaintiff did not comply with D.C.COLO.LCivR 56.1(A) in that he did not include a statement of undisputed facts. For these reasons, it is recommended that his motion

---

[2]In fact, defendants Zavaras, Little, Milyard, and Waide were not served until five months later on December 18, 2007, at which time they filed a Waiver of Service of Summons. (Docket No. 28). Just two weeks ago, those defendants filed a Motion to Dismiss (Docket No. 31), which is not yet ripe for ruling or recommendation.

be denied without prejudice.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the plaintiff's Motion for Summary Judgment (Docket No. 20) be denied without prejudice.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: February 26, 2008  s/ Michael J. Watanabe
      Denver, Colorado  Michael J. Watanabe
                                     United States Magistrate Judge