IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00229-WYD-MJW

ERIC QUADE,

    Plaintiff,

v.

WARDEN KEVIN MILYARD;
GARY LITTLE;
LLOYD WAIDE;
A NUMBER OF JOHN DOES WHOSE NAMES ARE NOT KNOWN; and
THE EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

## ORDER AFFIRMING IN PART AND REJECTING IN PART RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

THIS MATTER is before the Court on the Defendants' Motion to Dismiss (docket #31), filed February 11, 2008. Pursuant to the Order of Reference dated April 18, 2007 and the memorandum dated February 11, 2008, this motion was referred to Magistrate Judge Michael J. Watanabe for a recommendation.

On August 5, 2008, Magistrate Judge Watanabe issued a Recommendation on the Motion to Dismiss. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Magistrate Judge Watanabe recommends therein that Defendants' Motion to Dismiss be granted as to Plaintiff's claim for damages against the Defendants in their official capacities, Plaintiff's claim for compensatory damages, and Plaintiff's claim alleging Eighth Amendment violations.

Magistrate Judge Watanabe also recommends that the motion be denied in all other respects without prejudice. The Recommendation advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation. (Recommendation at 16.) Despite this advisement, no objections to the Magistrate Judge's Recommendation were filed by either party.

"In the absence of timely objection, the district court may review a magistrate. . . [judge's] report under any standard it deems appropriate." *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn,* 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

Magistrate Judge Watanabe first recommends that the motion be granted as to Plaintiff's § 1983 claim for monetary relief from the individual Colorado Department of Corrections ("CDOC") Defendants in their official capacities. (Recommendation at 7.) Magistrate Judge Watanabe found that the Complaint does not indicate whether the Defendants are being sued in their official and/or individual capacities. To the extent that Plaintiff's § 1983 claims are brought against the Defendants in their official capacities for monetary damages and/or retroactive imposition of injunctive relief, Magistrate Judge Watanabe found that such relief is barred by the Eleventh Amendment. (Recommendation at 6-7.) No objections were filed to this part of the Recommendation which I affirm and adopt. I find Magistrate Judge Watanabe's Recommendation on this claim is well reasoned and sound, and I agree that the motion

to dismiss is properly granted as to this claim.

Second, Magistrate Judge Watanabe recommends that the motion to dismiss be denied as to Plaintiff's claims for damages pursuant to the Prison Litigation Reform Act ("PLRA"). Magistrate Judge Watanabe found that "as a general rule, punitive damages may be recovered for constitutional violations without a showing of a compensable injury." (Recommendation at 9) (internal quotations omitted). Therefore, Magistrate Judge Watanabe concluded that to the extent that Plaintiff's Complaint seeks punitive damages with respect to any violation of his constitutional rights survives the motion to dismiss. No objections were filed to this part of the Recommendation which I affirm and adopt. I find Magistrate Judge Watanabe's Recommendation on Plaintiff's claims for damages pursuant to the PLRA claim is well reasoned and sound, and I agree that the motion to dismiss is properly denied as to these claims.

Third, Magistrate Judge Watanabe recommends that the motion to dismiss be denied as to the claim asserted against Defendant Zavaras. Magistrate Judge Watanabe found that the Plaintiff "has not yet plead very specific, detailed facts regarding defendant Zavaras' involvement in the searches at issue, . . . to dismiss this defendant at this early stage would most likely preclude plaintiff from subsequently adding this defendant back in as a party . . . due to potential statute of limitations issues." (Recommendation at 12.) No objections were filed to this part of the Recommendation which I affirm and adopt. I find Magistrate Judge Watanabe's Recommendation on Plaintiff's claim against Defendant Zavaras is well reasoned and sound, and I agree that the motion to dismiss is properly denied as to this claim.

Fourth, Magistrate Judge Watanabe recommends that the motion to dismiss be denied as to Plaintiff's claim for injunctive relief. Magistrate Judge Watanabe found that "defendants' motion to dismiss the claim for injunctive relief is premature and should be denied." (Recommendation at 14.) No objections were filed to this part of the Recommendation which I affirm and adopt. I find Magistrate Judge Watanabe's Recommendation on Plaintiff's claim for injunctive relief is well reasoned and sound, and I agree that the motion to dismiss is properly denied as to this claim.

Finally, Magistrate Judge Watanabe recommends that the motion to dismiss be granted as to Plaintiff's Eighth Amendment Claim. Magistrate Judge Watanabe found that Plaintiff's allegations do not implicate the Eighth Amendment's protections against cruel and unusual punishment because the Plaintiff did not allege physical abuse associated with the strip search or demonstrate that the strip search was imposed as punishment. (Recommendation at 13-14.) While no objections have been filed as to this claim, I reject Magistrate Judge Watanabe's findings as clearly erroneous.

I first note that "it is well established that the Eighth Amendment reaches beyond "barbarous physical punishment" to prohibit "'the unnecessary and wanton infliction of pain.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153 (1976)). The Constitution prohibits punishment that is "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg*, 428 U.S. at 183. The gratuitous infliction of pain always violates contemporary standards of decency and need not produce serious injury in order to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Further, physical injury need not result for

the punishment to state a cause of action, for the wanton infliction of psychological pain is also prohibited. See *Calhoun v. DeTella*, 319 F.3d 936, (7th Cir. 2003) (citing cases); *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001) (we are in accord with Justice Blackmun's views in *Hudson v. McMillian*, 503 U.S. 1, 16-17 (1992) that the Eighth Amendment may be implicated not only to physical injury, but also by the infliction of psychological harm").

In this case, I agree with Magistrate Judge Watanabe that Plaintiff did not allege physical abuse or that the strip search was motivated by a punitive intent. However, I find that the allegations in the Complaint, construed in the light most favorable to Plaintiff, could support a claim that the strip search was conducted in an abusive fashion. See *Levoy v. Mills*, 788 F.2d 1437, 1439 (10th Cir. 1986) (dismissing an Eighth Amendment claim for a body cavity search when the plaintiff did not allege that the search "was conducted in an abusive fashion"); *see also Jackson v. Central New Mexico Correctional Facility*, No. 91-2234, 1992 WL 236921, at *4 (10th Cir. 1992).

To that end, Plaintiff alleged that the search was conducted in a public manner wherein he was "ordered to perform a body cavity search in front of dozens of officers and over 500 inmates while being recorded by security cameras." (Compl., Claim Two, ¶ 2.) He asserts that he and all the other prisoners were forced to "sit down and face forward in rows . . . where they had to observe the cavity searches." (Compl., Claim Two, ¶ 3.) After the searches were completed, Plaintiff alleges that he was ordered to "walk completely naked out into the middle of the gym to retrieve my clothing, in front of the eyes of all present." (Compl., Claim Two, ¶ 4.) Plaintiff further alleges that the

searches were maliciously conducted for the express purpose of punishment and humiliation. (Compl., Claim Three, ¶ 2.) After carefully reviewing the Plaintiff's allegations, I find that it is plausible at this stage of the litigation that the search was conducted in an abusive manner. I further note that other courts have held that a strip search violates the Eighth Amendment where the search was "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Fillmore v. Page*, 358 F.3d 496, 505 (7th Cir. 2004); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir.2003); *see also Vasequez v. Raemisch*; 480 F. Supp. 2d 1120, 1131-32 (W.D. Wis. 2007).

In this case, while Defendants may have had a legitimate penological purpose for the search itself, I find that no legitimate purpose has been stated for the manner of the search whereby Plaintiff was allegedly searched in front of all the other inmates in the room who were allowed to face forward. Accordingly, viewing the evidence in the light most favorable to Plaintiff, I find that the manner of the search could be viewed as having been conducted in a harassing manner intended to humiliate and inflict psychological pain. *See Payette v. Hoenisch*, No. 07-3249, 2008 WL 2648917, at *5 (7th Cir. 2008) (Payette's evidence "that he was strip searched in front of a window in which everyone in the booking department, including inmates and officials of both sexes, could see him . . . create a triable dispute whether the search was conducted 'in a harassing manner intended to humiliate and inflict psychological pain'") (quoting *Calhoun*, 319 F.3d at 939); *Solan v. Ranck*, No. CV-06-0049, 2007 WL 4111424, at *8 (M.D. Pa. 2007) (Eighth Amendment claim stated where plaintiff alleged that correctional officers deliberately prevented him from placing his towel around his waist

then dragged him naked in front of a large group of people of both sexes; this allegation supports the inference that they intended to humiliate him, an action without any penological justification, due to the fact that defendants deliberately put the plaintiff on display naked); *Vasequez v. Raemisch*; 480 F. Supp. 2d 1120, 1131-32 (W.D. Wis. 2007) (Eighth Amendment claim stated as to strip search where the plaintiff alleged his constitutional rights were violated by the manner of the search whereby several officers made contact with his genitals; the court held that "[e]ven if legitimate security reasons existed for proceeding directly to a manual search, there could be no legitimate purpose for using a strip search as a means of obtaining sexual gratification or conducting it in a manner intended to humiliate the prisoner, which is what petitioner alleges respondents . . . were doing"). Based on the foregoing, I find that the Eighth Amendment claim should not be dismissed at this stage of the litigation. The Recommendation on this issue is rejected.

Accordingly, it is

ORDERED that the Recommendation on the Motion to Dismiss (docket #52), filed August 5, 2008, is **AFFIRMED IN PART AND REJECTED IN PART**. Specifically, it is affirmed as to Plaintiff's § 1983 claim for monetary relief, Plaintiff's claims for damages pursuant to the PLRA, Plaintiff's claim against Defendant Zavaras, and Plaintiff's claim for injunctive relief. The Recommendation is rejected as to Plaintiff's Eighth Amendment claim. It is

FURTHER ORDERED that the Defendants' Motion to Dismiss (docket #31), filed February 11, 2008, is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is

granted as to Plaintiff's claim for damages against the Defendants in their official capacities and any claim for compensatory damages. The motion is denied in all other respects.

Dated: September 2, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge